IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SETH D. HARRIS, )
ACTING SECRETARY OF LABOR, )
UNITED STATES DEPARTMENT OF LABOR, )
                  Plaintiff, ) CIVIL ACTION FILE
                               ) NO. 13-cv-169
   v. )
                               )
EXTERIOR PLUS, INC., )
a Nebraska Corporation, )
                               )
and )
                               )
DENNIS DIMITROFF )
                  Defendants. )

## CONSENT JUDGMENT

Plaintiff having brought this action against Defendants, Exterior Plus, Inc. and Dennis Dimitroff, Defendants having agreed to the entry of this judgment without contest, and upon joint motion of the parties, for good cause shown:

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Defendants Exterior Plus, Inc., its officers, agents, servants, employees, and those persons in active concert or participation with it who receive actual notice of this judgment, and Dennis Dimitroff (the "Defendants") hereby are permanently enjoined and restrained from violating the provisions of 29 U.S.C. §§ 215(a)(2) and 215(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) in any of the following manners:

3EAK3007CWG

(a) Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees in commerce or in the production of goods for commerce, or in their enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employee for his or her employment in excess of 40 hours per workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

(b) Defendants shall not mischaracterize employees as independent contractors for purposes of attempting to avoid their obligations under 29 U.S.C. §§ 207 and 215(a)(2) of the Act. For a period of two years following the entry of this Order, Defendants shall provide to Plaintiff the name and contact information for any person or entity (other than Juan Jose Grimaldo Segovia) who Defendants claim is performing work for them as an independent contractor. Upon request, Defendants shall also provide to Plaintiff any reasonable information requested supporting the basis of their claim.

(c) Defendants shall not, contrary to sections 29 U.S.C. §§211(c) and 215(a)(5) of the Act, fail to make, keep and preserve adequate and accurate records of their employees, and of the wages, hours and other conditions and practices of employment maintained by it as prescribed by the regulations issued, and from time to time amended, pursuant to section §211(c) of the Act (29 C.F.R. Part 516). Defendants shall make such records available at all

reasonable times to representatives of the Plaintiff.

(d) Defendants shall not do anything to intimidate their employees into recording fewer hours than the employees actually worked, and shall instruct and encourage their employees to keep accurate accountings of their time, including hours worked in excess of 40 hours per week.

The Court finds, and Defendants agree, that Defendants have withheld payment of overtime compensation due to their employees identified on Form WH-56, attached as Appendix A, in the amount of $2,472.14 in unpaid overtime compensation for the periods shown. Therefore, IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants are hereby constrained from continuing to withhold unpaid overtime compensation due to the employees identified on Appendix A in the amounts set forth opposite their names. Defendant shall also sign Appendix A at the places indicated.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant shall deliver to each employee identified on Appendix A a check made payable to the employee for the net amount due after appropriate deductions for income withholding taxes and other legal deductions, but such deductions shall not include the Defendant's share of any social security (FICA) tax, such share remaining the responsibility of the Defendant. Defendant shall furnish with each check an itemization of the deductions, showing the gross amounts due, the amounts of the deductions, and the net amount payable to the employee. These checks shall be issued and distributed within 30 days of the entry of

this Order.

Defendants shall provide copies of the checks and itemizations to Plaintiff at the time they are issued and distributed along with certificates, in the forms attached as Appendix B, signed by Defendants certifying that all amounts have been paid. Defendant shall also provide to Plaintiff a copy of each cancelled check after it is negotiated. These items shall be delivered to United States Department of Labor, Wage and Hour Division, 222 South Street, Suite 504A, Omaha, Nebraska 68102, ATTENTION: Richard J. Tesarek.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that for employees who refuse to accept the amount due or to whom Defendants are unable to deliver the amounts due, Defendants shall make payment to Plaintiff following the instructions set forth on Appendix C. Defendants shall determine by August 1, 2013 whether it is unable to locate any employee or whether any employee has refused to accept payment and it shall issue any payment required by this paragraph by August 30, 2013. Plaintiff shall distribute the proceeds of any payments required under this paragraph to such employees, or their legal representatives; provided, however, that any money not paid within three years from the date of judgment, due to the inability to locate such employees or such employees refusing to accept payment, shall be paid into the Treasury of the United States.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each party shall bear their own costs, fees and other expenses

incurred by such party in connection with any stage of this proceeding.

Dated:   July 3, 2013.                  _____
                                        UNITED STATES DISTRICT JUDGE

**Entry of this judgment is hereby consented to:**

EXTERIOR PLUS, INC.

By _____
   Dennis Dimitroff, President

_____
Dennis Dimitroff, individually

5

APPROVED:

_____
Aaron F. Smeall #23752
SMITH, GARDNER, SLUSKY, LAZER, POHREN,
ROGERS, LLP
8712 West Dodge Road, Suite 400
Omaha, Nebraska 68114-3431
(402) 392-0101
(402) 392-1011 (Fax)
asmeall@lawsgs.com

ATTORNEYS FOR DEFENDANTS

M. Patricia Smith
Solicitor of Labor
Connecticut Bar #371708

Christine Z. Heri
Regional Solicitor

_____
Attorney
MO Bar #32985
2300 Main, Suite 1020
Two Pershing Square Building
Kansas City, MO  64108
(816) 285-7283
(816) 285-7287 (fax)
gordon.charles.w@dol.gov

U.S. Department of Labor

ATTORNEYS FOR PLAINTIFF

6

## Summary of Unpaid Wages

### U.S. Department of Labor
Wage and Hour Division



| (Office Address) | Des Moines IA AO/Omaha AO<br>222 South 15th Street, Suite 504A<br>Omaha, NE 68102<br>402-221-4682 | Investigator:<br>**Doris Christen** | | Date:<br>05/13/2013 |
|---|---|---|---|---|
| | | Employer Fed Tax ID Number | | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. Gross Amounts Due |
|---|---|---|---|---|
| Nathaniel Burroughs | | 01/23/2010 to 03/13/2010 | 1 | $98.88 |
| Brandon Campbell | | 01/16/2010 to 04/10/2010 | 1 | $98.88 |
| Joshua Cuthil | | 11/05/2011 to 11/05/2011 | 1 | $20.00 |
| Donnal Davis, Jr. | | 05/15/2010 to 05/15/2010 | 1 | $20.00 |
| Jason Dean | | 03/05/2011 to 07/09/2011 | 1 | $49.44 |
| Brandon Jacob | | 01/16/2010 to 01/29/2011 | 1 | $667.48 |
| Darren Johnson | | 05/14/2011 to 05/21/2011 | 1 | $370.82 |
| James Johnson | | 10/02/2010 to 01/29/2011 | 1 | $148.33 |
| Christopher Kindelin | | 01/30/2010 to 08/07/2010 | 1 | $222.49 |
| Michael Marrs | | 02/27/2010 to 08/07/2010 | 1 | $222.49 |
| Shane Morgan | | 11/05/2011 to 11/05/2011 | 1 | $20.00 |
| Richard Poisel | | 11/27/2010 to 11/12/2011 | 1 | $370.82 |
| Darryl Timperley | | 02/12/2011 to 03/19/2011 | 1 | $27.00 |
| Jason Vosler | | 05/28/2011 to 07/30/2011 | 1 | $44.29 |
| Jeremy Wren | | 06/26/2010 to 07/31/2010 | 1 | $91.22 |

| I agree to pay the listed employees the back wages shown due and to mail proof of payment to the Wage and Hour District Office shown above by 07/10/2012<br>Signed: | Employer Name and Address:<br>**Exteriors Plus**<br>*Exteriors Plus, Inc.*<br>*20901 Bennington Road*<br>*Elkhorn, NE 68022* | TOTAL | $2,472.14 |
|---|---|---|---|
| | | * Column 4-Code<br>FLSA 1<br>PCA 2<br>SCA 3<br>DBRA 4<br>CWHSSA 5<br>CCPA 6<br>FMLA 7 | |

Date: 05/13/2013 2:53:36 PM         Case ID: 1626415

Form WH-56
Page 1

Appendix A

EMPLOYER'S CERTIFICATION TO WAGE AND HOUR DIVISION OF THE DEPARTMENT OF LABOR:

I hereby certify that I have on this _____

[date] paid the employees identified on the attached Form WH-56 in full covering denied wages.

Signature _____
(Employer or authorized representative)

Printed name: _____

Title: _____

PENALTIES INCLUDING FINES OR IMPRISONMENT ARE PRESCRIBED FOR A FALSE STATEMENT OR MISREPRESENTATION UNDER U.S. CODE, TITLE 18, SEC. 1001

Appendix B

INSTRUCTIONS FOR PAYMENT IN EVENT EMPLOYEE CANNOT BE LOCATED OR EMPLOYEE REFUSES PAYMENT

In the event Defendants are unable to locate an employee to whom payment is due under the Consent Judgment or an employee to whom payment is due under the Consent Judgment refuses to accept payment (hereafter "refusing or unlocated employees"), Defendant shall do the following:

a. Defendant shall deliver to the United States Department of Labor, Wage and Hour Division, 222 South 15th Street, Suite 504A ATTENTION: Richard J. Tesarek, a list of refusing or unlocated employees. For each refusing or unlocated employee, the list shall include the gross amounts due, the amount of legal deductions, and the net amount payable. The list shall also include the refusing or unlocated employee's full name, last known address, and social security number.

b. Payments for refusing or unlocated employees shall be made directly to Plaintiff a check made payable to "Wage and Hour - Labor" and shall be delivered to the United States Department of Labor, Wage and Hour Division, 222 South 15th Street, Suite 504A ATTENTION: Richard J. Tesarek

Appendix C